UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN KYLE DEROCHE,<br><br>Defendant. | Case No. 4:16-cr-00208-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Brian Kyle DeRoche's Motion for Early Termination of Supervised Release (Dkt. 225). For the reasons explained below, the Court will grant this unopposed motion.

# BACKGROUND

In August 2017, Brian DeRoche pleaded guilty to possession with intent to distribute methamphetamine. The Court later sentenced him to 88 months' imprisonment, followed by five years of supervised release. Mr. DeRoche began serving his term of supervision in January 2022, and it is set to expire on January 18, 2027. As detailed in the motion and summarized below, Mr. DeRoche's conduct on supervision has been exceptional.

## GOVERNING LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). This includes the discretion to terminate supervision after Defendant has served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) deterrence;

(3) protection of the public;

(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;

(5) the sentence and sentencing range established for the category of defendant;

(6) any pertinent policy statement by the Sentencing Commission;

(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[1] If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d 817, at 821-22.

## ANALYSIS

Mr. DeRoche has completed more than one year of supervision, and he has improved numerous areas of his life. Among other things: Mr. DeRoche has a good job and has been able to purchase a home. He has been able to obtain shared custody of his daughters. He is sober. He is contributing to his community, including by mentoring another supervisee. In short, Mr. DeRoche has rebuilt his life and is thriving. Under these circumstances, and having considered each of the

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

**MEMORANDUM DECISION AND ORDER - 3**

factors outlined above, the Court finds it appropriate to grant early termination. Additionally, the Court commends Mr. DeRoche on his success during supervision and wishes him continued success.

## ORDER

**IT IS ORDERED that** Defendant Brian DeRoche's Unopposed Motion for Early Termination of Supervision (Dkt. 225) is **GRANTED.**

DATED: November 4, 2024

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4